**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| RALPH T. BYRD, *et al.* | * | |
| Appellants, | * | |
| v. | * | Civil Action No. AW-05-2389 |
| GREGORY JOHNSON, *et al.* | * | |
| Appellees. | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

This appeal arises from several orders of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). In particular, Appellants Ralph T. Byrd and Beverly S. Byrd ("Appellants" or "the Byrds") contend that the Bankruptcy Court erred when it denied both the confirmation of their amended Chapter 13 plan without leave to amend and motion to reconsider order dismissing as moot debtors' emergency motion for protective order. Appellants filed an Emergency Motion to Stay Regarding Notice of Appeal to the Fourth Circuit of Appeals [28] and an Emergency Motion to Shorten Time to Respond to Emergency Motion for Stay Pending Appeal to the Fourth Circuit of Appeals [29]. In response, the Appellees filed an Opposition to Appellants' Emergency Motion to Stay Regarding Motion of Appeal to the Fourth Circuit of Appeals [30]. This Court has reviewed the entire record, as well as the Pleadings with respect to the appeal. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, this Court will deny Appellants' Emergency Motion to Stay Notice of Appeal to the Fourth Circuit of Appeals and deny-as-moot Appellants' Emergency Motion to Shorten Time to Respond to

1

Emergency Motion to Stay.

**FACTUAL & PROCEDURAL BACKGROUND**

The Appellant, Ralph Byrd, is a Maryland attorney who is acting *pro se* in this matter.  On December 14, 2001, Mr. Byrd was forced into an involuntary Chapter 7 bankruptcy.  Roger Schlossberg was appointed the Chapter 7 trustee, and Shulman Rogers was appointed special counsel.  Throughout the course of the bankruptcy proceeding, Mr. Byrd strenuously challenged the trustee's administration of the estate.  The case was appealed up to the Fourth Circuit, *see In re Ralph T. Byrd*, 357 F.3d 433 (4th Cir. 2004), and remanded back to the Bankruptcy Court.

On June 25, 2004, when the Chapter 7 case was pending, Mr. Byrd voluntarily converted his Chapter 7 case to Chapter 11.  On July 23, 2004, Gregory P. Johnson was appointed the Chapter 11 trustee.  Shortly after, Shulman Rogers was again appointed special counsel for Johnson.  Like the previous trustee, Johnson encountered difficulty in administrating the estate.[1]  Johnson had to file multiple motions to seek a Writ of Assistance to gain access to the property. Nevertheless, Johnson successfully obtained an offer from a prospective buyer and arranged to sell the property before December 1, 2004.

At that time, Mr. Byrd attempted to convert the case for the second time.  On November 11, 2004, his wife, Beverly Byrd, filed a petition under Chapter 13 of the bankruptcy code.  The petition was granted, and Mr. Byrd's Chapter 11 case was consolidated into his wife's Chapter 13 case upon consent.  However, the Byrds' Chapter 13 plan was denied on January 20, 2006.  The case was subsequently converted back into Chapter 7 on March 20, 2006.  On March 30, 2006, the Byrds filed

---

[1] For example, when Johnson attempted to show the property to a prospective purchaser, he was allegedly assaulted by Mr. Byrd's unrestrained doberman pinscher.

a motion to reconsider and stay order converting case, which the bankruptcy court denied on April 14, 2006.  On April 7, 2006, this Court issued a Memorandum Opinion and accompanying Order granting Appellees' motion to dismiss for lack of jurisdiction, denying Appellants' motion to stay pending appeal, denying Appellants' motion to strike, denying Appellants' motion to stay, denying Appellants' motion to shorten time, dismissing the appeal, and directing the clerk to close this case. On April 17, 2006, Appellants filed a motion for reconsideration as well as a motion to shorten time. On August 22, 2006, this Court issued an order denying the motion for reconsideration and denying a motion to shorten time to respond.

Subsequently, on September 21, 2006, Appellants filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, appealing this Court's April 7, 2006 Memorandum Opinion and Order.  Currently pending before the Court are Appellants' Emergency Motion to Stay regarding Notice of Appeal to the Fourth Circuit Court of Appeals [28] and Appellants' Emergency Motion to Shorten Time to Respond to Emergency Motion for Stay Pending Appeal to the Fourth Circuit Court of Appeals [29].  Appellees have responded by opposing the motion to stay. Appellants' motions are ripe, and the Court now issues this opinion.

## STANDARD OF REVIEW

The court has jurisdiction over appeals from the bankruptcy court in this district pursuant to *28 U.S.C. § 158*.  *See In re. Jackson*, 190 B.R. 808, 810 (W.D.Va. 1995); *In re Fraidin*, 188 B.R. 529, 532 (D.Md. 1995).  While an order dismissing a bankruptcy case is a final order appealable by right, orders denying a motion to dismiss are interlocutory in nature and are only appealable by leave of the court.  *See In re. Jackson*, 190 B.R. at 810, *In re Hebb*, 53 B.R. 1003 (D.Md. 1985).  While *§ 158* offers no guidance as to how district courts should exercise their discretion in granting

interlocutory appeals, most courts have analogized to the standards set forth in *28 U.S.C. § 1292(b)*, the statute governing discretionary appeals of interlocutory orders in non-bankruptcy cases. *In re Hebb*, 53 B.R. at 1006. The analysis concerns "(1) whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) whether immediate appeal would materially advance the termination of the litigation." *Id.*

## ANALYSIS

**I.)     *Motion for Stay Pending Appeal***

When the case was being administered in Chapter 7, Mr. Byrd voluntarily converted to Chapter 11. When the Appellants' real property was about to be sold in Chapter 11, Mrs. Byrd filed Chapter 13. Mr. Byrd voluntarily consented to the conversion of his Chapter 11 proceeding to Chapter 13 and the substantive consolidation of both cases. The Bankruptcy Court held a confirmation hearing and concluded at the Appellants' Chapter 13 confirmation hearing that their plan should be denied without leave to amend. The Bankruptcy Court thereafter converted the proceeding to Chapter 7.

Appellants seek a stay of this Court's April 7, 2006 judgment, dismissing this bankruptcy appeal, and the August 22, 2006 order, denying the motion to reconsider its April 7, 2006 order, pending the outcome of their appeal to the Fourth Circuit Court of Appeals. In determining whether to grant a stay pending appeal, the Court is guided by the "'hardship balancing test' first enunciated in *Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.,* 550 F.2d 189 (4th Cir. 1977)." *In re Holweck v. Signet Bank/Maryland*, No. 93-140, 1993 U.S. Dist. WESTLAW 15263, at *2-3 (D. Md. Feb. 25, 1993). Under this standard, the Court balances the harm or injury imposed on the appellant in the event relief is denied against the harm to the appellee if the relief is granted. In addition, on the

4

basis of such balancing before relief may be issued, a "likelihood of success" on the merits must also be established.  *Id.*

The four factors that must be considered are:  (1) the likelihood of irreparable harm to the appellant if the stay is denied; (2) the likelihood of harm to the appellee if the stay is granted; (3) the likelihood that the appellant will succeed on the merits, and (4) the public interest.  *Id.* Appellants must establish that, on balance, denial of the stay will harm them decidedly more severely than granting the stay will harm Appellees.  *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  If after balancing the first two factors the balance tips decidedly in favor of Appellants, a stay will be granted.  For a stay to be granted, Appellants must have raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation.  However, if Appellants cannot persuade the Court that the balance tips significantly in their favor, they must meet a more stringent burden with respect to the third prong, namely, the likelihood of prevailing on the merits.

## 1) The Likelihood of Irreparable Harm to the Appellants if the Stay is Denied

It is clear that Appellants will suffer some harm, because the denial of confirmation of their Chapter 13 plan has resulted in the conversion of the Chapter 13 repayment plan to a Chapter 7, placing their home at risk of liquidation.[2]  Without a stay, of course, the trustee will continue his efforts to sell the property consistent with his mandate.  While liquidation of property obviously affects owners of property, the Court does not believe that the liquidation of Appellants property under these circumstances constitutes irreparable harm.  At any rate, the harm suffered by Appellants must be balanced against the likelihood of harm to the Appellees if the stay is granted.

---

[2]Mr. Byrd runs his place of business out of his home.

*2) The Likelihood of Harm to the Appellees if the Stay is Granted*

Appellees argue that the requested stay will substantially harm the creditors because Appellants have failed to pay their second trust for 60 months prior to, and during this proceeding, and have not disclosed such arrearage to the original Chapter 7 trustee.  In addition, Appellants have failed to pay rent to the Chapter 7 trustee and expenses of maintaining the real property.  The Court believes Appellees' likelihood of harm is irreparable for the creditors of the estate because of the continuing deterioration of the property, the declining real estate market, and the administrative expenses that accrue as a result of the multiple motions for reconsideration, stay, and appeals filed in the bankruptcy court, in this Court, as well as in the Fourth Circuit.  There is a mound of evidence in this record to show that Appellees have and will continue to suffer irreparable harm if Appellants' stay is granted.  On balance, the Court cannot find the respective harms tip in favor of Appellants. The threshold requirement now becomes whether Appellants likely will succeed on the merits of their appeal.

*3) The Likelihood that the Appellants will Succeed on the Merits*

Appellants argue that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear.  In addition, Appellants assert that because this Court has never addressed the merits of the appeal when it was dismissed for lack of jurisdiction, "the District Court (or the Fourth Circuit) could not rationally rule in favor of the Appellants (sic) if and when the merits of the appeal are considered."[3]  This Court does not find these assertions persuasive.  Upon careful review of the record together with the inferences drawn by the statements and conclusions

---

[3]In their Motion for Stay Pending Appeal [28], Appellants indicated that "the District Court ... could not rationally rule in favor of the Appellants ...."  The Court assumes Appellants meant to say that "the District Court ... could not rationally rule in favor of the Appellees ...."

of the Bankruptcy Court, there is a solid basis to believe Appellants have instituted a barrage of filings seemingly designed as a mechanism to frustrate the judicial process. As a consequence, the Court has serious reservations whether Appellants will likely succeed on the merits. The record reflects that Appellants have delayed the liquidation of their real property by individually or jointly reorganizing through each possible form, with the exception to Chapter 12. Furthermore, four separate Bankruptcy Judges have heard this case since its commencement in 2001 and each has concluded that it could not confirm the Appellants' plan because it was highly skeptical of the income and expenses reported by the Appellants. Therefore, looking at the record, the Court believes that Appellants have failed to make a showing that they are likely to succeed on the merits of the appeal.

## 4) The Public Interest

Both Appellants and Appellees maintain credible public interests arguments that can be considered of equal weight. As inferred *infra*, success on the public interest prong alone does not warrant a stay. The public policy lies in protecting the integrity of the bankruptcy code, the bankruptcy court, and the judicial process which, in this instance, reeks of flagrant abuse.[4]  That being said, this Court does not find any significant public interest basis to reverse the denial of confirmation or to further delay the administration of this estate.

---

[4]This proceeding has over 700 docket entries associated with it, with litigation pending in the Bankruptcy Court, three cases pending in this Court, and litigation pending in the Fourth Circuit. The Bankruptcy Court noted that this is a relatively simple case made complex by the conduct of the Appellants. After delays of more than a year, the Bankruptcy Court held a confirmation hearing and concluded that at the Appellants' Chapter 13 confirmation hearing that their plan should be denied without leave to amend. The Bankruptcy Court thereafter converted the proceeding to Chapter 7. Four different Bankruptcy Judges have presided over this case and each has concluded that the real property of the Appellants must be liquidated. The Appellants now seek further delay by filing the present motions.

**II.)**     ***Motion to Shorten Time***

On September 29, 2006, Appellants filed a motion to shorten time for Appellees to respond to Appellants' motion for a stay pending appeal to the Fourth Circuit Court of Appeals from fourteen days to seven days.  Both the seven day period as well as the fourteen day period have passed and therefore, Appellants' motion to shorten time is DENIED-AS-MOOT.

## <u>CONCLUSION</u>

Having reviewed the entire record, the Court finds that Appellees will suffer a greater harm than Appellants if the stay is granted.  What leaps out at this Court is the barrage of pleadings filed by Appellants and the statements and inferences drawn by the Bankruptcy Court suggesting that Appellants' efforts have been designed to frustrate the judicial process.  There is very little, if anything, in the record to repudiate these inferences and findings by the Bankruptcy Court.  Furthermore, by looking at the record, the Court cannot say that the concerns raised by Appellees are not legitimate.  Appellants must demonstrate, by clear and convincing evidence, a strong probability of success on the merits.  *Goldstein v. Miller*, 488 F. Supp. 156 (D. Md. 1980).  Appellants have failed to raise questions going to the merits that are so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation.  Moreover, Appellants have failed to persuade the Court that the balance of harm tips significantly in their favor.  Likewise, the Court cannot find that Appellants have sustained their burden of showing the likelihood of prevailing on the merits.

Furthermore, while the Court was reviewing the pending motions, Appellants' filed a Supplement to their Motion for Stay Pending Appeal to the Fourth Circuit of Appeals.  The Court has reviewed the supplement, but does not believe Appellants have provided a cogent argument to

alter its view.  For all of the aforementioned reasons, the Court will DENY Appellants' Emergency

Motion to Stay Notice of Appeal to the Fourth Circuit Court of Appeals [28] and DENY-AS-MOOT

Appellants' Emergency Motion to Shorten Time [10].  An Order consistent with this Opinion will

follow.

Date:    <u>December 6, 2006</u>            <u>             /s/               </u>
                                              Alexander Williams, Jr.
                                              United States District Court Judge